IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T, 02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller)

CENCAST SERVICES, L.P. ET AL,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

AMENDED ANSWER AND COUNTERCLAIM IN NO. 02-1920 T

Defendant, the United States, through its attorneys, in answer to the complaint in Fed. Cl. No. 02-1920 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged overpayments of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of calendar year 1991 (FICA) and for calendar year 1991 (FUTA) and admits that copies of those

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1920 T is DISC Talent Group, Inc.

claims are attached to the complaint. Admits that the alleged claims for refund have been disallowed.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff's employer identification number is 95-3558327 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9. Admits the allegations set forth in paragraph 9 of the complaint.

10. Admits that the amounts of taxes assessed per the alleged returns were paid no later than the respective due dates thereof.

11. Admits the allegations set forth in paragraph 11 of the complaint, except denies that the alleged return was timely filed.

12. Admits that the amount of taxes assessed per the alleged return was paid no later than the due date thereof.

13-14. Admits the allegations set forth in paragraphs 13-14 of the complaint.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that

the alleged payment was made on November 14, 2001.

16. Admits the allegations set forth in paragraph 16 of the complaint, except states that the alleged payment was made on February 21, 2002.

17. Admits the allegations set forth in paragraph 17 of the complaint, except states that the alleged payment was made on November 14, 2001.

18. Admits the allegations set forth in paragraph 18 of the complaint, except states that the alleged payment was made on November 14, 2001.

19. Admits the allegations set forth in paragraph 19 of the complaint, except states that the alleged payment was made on November 14, 2001.

20. Admits that on April 22, 2002, plaintiff filed a claim for refund with the IRS with respect to FICA taxes and for penalties and interest with respect thereto in the total amount of $44,933.83, for the four quarters of 1991.

21. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22-23. Admits the allegations set forth in paragraphs 22-23 of the complaint.

24. Admits the allegations set forth in paragraph 24 of the complaint, except states that the total of the amounts alleged to be attributable to the four specified individuals totals $8,615.38.

25. Admits the allegations set forth in paragraph 25 of the complaint, except states that the alleged claim for refund was filed on April 22, 2002.

26. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

COUNT ONE

27. Incorporates by reference its responses to paragraphs 1 through 26 of the complaint as if more fully set forth at length.

28-31. Denies the allegations set forth in paragraphs 28-31 of the complaint.

32. Admits the allegations set forth in the first sentence of paragraph 32 of the complaint and states that the remaining allegations set forth in paragraph 32 are legal argument to which no response is required.

33-34. States that the allegations set forth in paragraphs 33-34 are legal argument to which no response is required.

35. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraphs 15 and 16 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 35 of the complaint. Denies the allegations set forth in the second sentence of paragraph 35 of the complaint.

36-38. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 36-38 of the complaint.

COUNT TWO

39. Incorporates by reference its responses to paragraphs 1 through 38 of the complaint as if more fully set forth at length.

40-43. Denies the allegations set forth in paragraphs 40-43 of the complaint.

44. Admits the allegations set forth in the first sentence of paragraph 44 of the complaint and states that the remaining allegations set forth in paragraph 44 are legal argument to which no response is required.

45-46. States that the allegations set forth in paragraphs 45-46 are legal argument to which no response is required.

47. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 17 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 47 of the complaint. Denies the allegations set forth in the second sentence of paragraph 47 of the complaint.

48-50. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 48-50 of the complaint.

COUNT THREE

51. Incorporates by reference its responses to paragraphs 1 through 50 of the complaint as if more fully set forth at length.

52-55. Denies the allegations set forth in paragraphs 52-55 of the complaint.

56. Admits the allegations set forth in the first sentence of paragraph 56 of the complaint and states that the remaining allegations set forth in paragraph 56 are legal argument to which no response is required.

57-58. States that the allegations set forth in paragraphs 57-58 are legal argument to

which no response is required.

59. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 18 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 59 of the complaint. Denies allegations set forth in the second sentence of paragraph 59 of the complaint.

60-62. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 60-62 of the complaint.

COUNT FOUR

63. Incorporates by reference its responses to paragraphs 1 through 62 of the complaint as if more fully set forth at length.

64-67. Denies the allegations set forth in paragraphs 64-67 of the complaint.

68. Admits the allegations set forth in the first sentence of paragraph 68 of the complaint and states that the remaining allegations set forth in paragraph 68 are legal argument to which no response is required.

69-70. States that the allegations set forth in paragraphs 69-70 are legal argument to which no response is required.

71. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 19 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 71 of the complaint. Denies the allegations set forth in the second sentence of paragraph 71 of the complaint.

72-74. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 72-74 of the complaint.

COUNT FIVE

75. Incorporates by reference its responses to paragraphs 1 through 74 of the complaint, as if more fully set forth at length.

76-79. Denies the allegations set forth in paragraphs 76-79 of the complaint.

80. Admits the allegations set forth in the first sentence of paragraph 80 of the complaint and states that the remaining allegations set forth in paragraph 80 are legal argument to which no response is required.

81-82. States that the allegations set forth in paragraphs 81-82 are legal argument to which no response is required.

83. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1991 of the employees identified in paragraph 24 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1991; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 83 of the complaint. Denies the allegations set forth in the second sentence of paragraph 83 of the complaint.

84-87. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 84-87 of the complaint.

FIRST AFFIRMATIVE DEFENSE

88. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

SECOND AFFIRMATIVE DEFENSE

89. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

COUNTERCLAIM

90. This counterclaim is brought at the request and authorization of the Chief Counsel of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

91. On July 9, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $32,524.17 with respect to the quarter ending March 31, 1991.

92. On July 9, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 91, above, in the amounts of $52,829.27 in accrued interest, $3,252.42 in failure to deposit penalties, and $6,504.83 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

93. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 91 and 92, above, is liable to the defendant for the unpaid balances thereof in the total amount of $80,175.20, plus additions thereto of penalties and interest accruing according to law.

COUNT II

94. On July 9, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $88,907.59 with respect to the quarter ending June 30, 1991.

95. On July 9, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 94, above, in the amounts of $138,164.00 in accrued interest, $8,890.76 in failure to deposit penalties, and $17,781.52 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

96. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 94 and 95, above, is liable to the defendant for the unpaid balances thereof in the total amount of $245,049.31, plus additions thereto of penalties and interest accruing according to law.

COUNT III

97. On July 9, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $174,794.32 with respect to the quarter ending September 30, 1991.

98. On July 9, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 97, above, in the amounts of $259,653.23 in accrued interest, $17,479.43 in failure to deposit penalties, and $34,958.86 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

99. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 97 and 98, above, is liable to the defendant for the unpaid balances thereof in the total amount of $485,906.43, plus additions thereto of penalties and interest according to law.

COUNT IV

100. On July 9, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $284,091.84 with respect to the quarter ending December 31, 1991.

101. On July 9, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 100, above, in the amounts of $403,672.99 in accrued interest, $28,409.18 in failure to deposit penalties, and $56,818.37 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

102. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 100 and 101, above, is liable to the defendant for the unpaid balances thereof in the total amount of $752,668.01, plus additions thereto of penalties and interest according to law.

COUNT V

103. On July 9, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $733,903.97 with respect to calendar year 1991.

104. On July 9, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 103, above, in the amounts of $1,042,821.91 in accrued interest, $73,390.40 in failure to deposit penalties, and $146,780.79 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

105. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 103 and 104, above, is liable to the defendant for the unpaid balances thereof in the total amount of $1,988,281.68, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice, that judgment be entered against plaintiff and in favor of the defendant upon its counterclaim in the total amount of $3,552,080.63, plus penalties and interest according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel